# IN THE COURT OF APPEALS OF IOWA

No. 18-1443
Filed January 23, 2019

**IN THE INTEREST OF E.P.,**
**Minor Child,**

**H.L., Mother,**
        Appellant.
_____


        Appeal from the Iowa District Court for Worth County, Adam D. Sauer, District Associate Judge.


        A mother appeals from the juvenile court order terminating her parental rights to her child.  **AFFIRMED.**



        Richard N. Tompkins Jr. of Tompkins Law Office, Mason City, for appellant mother.

        Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

        Patrick Rourick of Patrick J. Rourick Law Office, St. Ansgar, guardian ad litem for minor child.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, E.P., born March 2011. After nearly two years of services provided, the district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2018). Because the mother does not challenge whether the statutory grounds for termination have been met, we affirm those findings by the district court. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The mother does request an additional six months to work towards reunification, and she asserts termination is not in the child's best interests and the bond they share should preclude termination. *See* Iowa Code §§ 232.104(2)(b); 232.116(2), (3)(c).[1]

Because of the mother's mental-health problems, drug and alcohol abuse, and continued involvement with inappropriate men, E.P. was removed from the mother's care on three separate occasions: from August 23, 2016, until March 9, 2017; from March 29, 2017, until March 6, 2018; and from March 22, 2018, until termination. Each time the child was returned to the home, the mother's reunification progress quickly regressed to the point of again exposing E.P. to an unsafe environment. On one occasion, the mother stole prescription medication from her parent partner; on another occasion, E.P. was missing forty pills prescribed to him for attention hyperactivity disorder. As the Iowa Department of Human Services (DHS) worker testified, while the mother participated in some therapeutic treatments, "she does not use the things that she's learned in therapy. . . . [H]er behaviors have not changed. She still makes unsafe decisions for her

---

[1] The father's parental rights were also terminated; he does not appeal.

son." On our de novo review,[2] we agree with this assessment and find nothing in this record to support an extension of time that would delay termination. We also agree with the district court termination is in E.P.'s best interests because as soon as each of the two trial periods of reunification occurred, the mother became overwhelmed with his care and quickly returned to the destructive behavior that put E.P. at risk. Moreover, when examining whether any bond the mother shares with E.P. should preclude termination, the Family Safety, Risk, and Permanency worker testified, "[E.P.] gets excited to go home and then he has to be removed again for choices that as a six-year-old he doesn't understand" and that his behavior worsens because of his lack of stability. We agree with the district court any bond the mother and E.P. share does not preclude termination.

We therefore affirm the district court's termination of the mother's parental rights without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**

---

[2] *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016) ("In termination-of-parental-rights cases, we review the proceedings de novo.")